IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDRA O'HARA-HARMON,

    Plaintiff,

  v.

FACEBOOK, INC.,

    Defendant.

                                     /

No. C 19-cv-00601 WHA

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING MOTION TO TRANSFER VENUE**

In February 2019, *pro se* plaintiff Sandra O'Hara-Harmon initiated this action against defendant Facebook, Inc. attempting to allege various claims for breach of the implied covenant of good faith and fair dealing and a single claim for extortion (Dk. No. 1). In May 2019, an order dismissed plaintiff's complaint for failure to state a claim (Dkt. No. 29). The order permitted plaintiff leave to amend her complaint. Plaintiff now so moves (Dkt. No. 33). Defendant opposes (Dkt. No. 35). This order holds that plaintiff's amendment did not resolve the issues isolated by the prior order. Plaintiff's motion to amend is therefore **DENIED**.

The original complaint averred that in January 2019 plaintiff paid Facebook to advertise one of her posts. When the advertisement did not immediately circulate, plaintiff re-posted her advertisement seven times in four days. Facebook "locked" plaintiff's account. Facebook sent plaintiff an e-mail that it appeared her account had been compromised. Plaintiff unsuccessfully attempted to re-open her account (Dkt. No. 1 ¶¶ 1–14).

Plaintiff complained via Facebook's "help-support page." A man living in India named Babulal Sarkar, contacted plaintiff and claimed to have experienced the same problem. His Facebook page represented he was a "Manager at Facebook." From this fact alone, plaintiff concluded that Mr. Sarkar "intentionally locked and banned" plaintiff from accessing her account. Plaintiff then called a person named Gulberg Hendrick, whom she believed to be associated with Facebook's technical support headquarters. The man she spoke with offered to "unblock" plaintiff's account in exchange for a $100 Google Play card purchased at Walmart (*id.* ¶¶ 16–19, 26–27).

On these facts, plaintiff attempted to allege three claims for breach of the covenant of good faith and fair dealing and one claim for extortion. More specifically, the original complaint attempted to allege claims for: (i) "locking plaintiff out of her Facebook account in bad faith;" (ii) "preventing access to the Facebook community page in bad faith;" (iii) "censoring the advertisement in bad faith;" and that (iv) Facebook's employee Gulberg Hendrick engaged in extortion (*id.* ¶¶ 1–4). A prior order concluded each of these failed (Dkt. No. 29).

Specifically, a claim for breach of the covenant of good faith and fair dealing requires Facebook to have make an obligation and not deliver on it. *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). The complaint had not articulated any relevant obligation. Turning to the claim for extortion, it depended entirely on Mr. Hendrick's offer to unblock plaintiff in exchange for the Walmart gift card. Yet, no facts supported that Mr. Hendrick was employed by Facebook and that he acted within the scope of his employment. *See Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986). In addition, no facts supported that Mr. Hendrick induced plaintiff to buy the Walmart gift card through force or fear. *See* Cal. Penal Code § 518.

\*     \*     \*

Turning to this motion, plaintiff alleged the following. On December 11, 2018, Facebook "censored" two approved ads while continuing to bill plaintiff for those ads. Mr. Sarkar purportedly censored the ads because the ads shed a negative light on the medical treatment of plaintiff's now deceased child. Plaintiff's child was transgender. Both Mr. Sarkar and plaintiff's

2

child's former attending physician are from India. Plaintiff had commented to Mr. Sarkar that "[i]t's rumored that in India, transgender individuals are treated harshly, so I assume this doctor from India believed my daughter's life was not worth saving, which is why he did nothing to aid in preserving it. . . ." (Dkt. No. 33. ¶ 8). Plaintiff accordingly theorized that Mr. Sarkar took offense to the ads and censored them (Dkt. No. 33. ¶¶ 2–3, 8; p. 6. ¶¶ 7–9).

In addition, plaintiff provided detail on how much she paid Facebook. Specifically, plaintiff spent $200 on her ads and then permitted Facebook to charge another $400. Plaintiff insisted, without proof, that some of the ads were supposed to run until May 22, 2019, and other ads until July 3, 2019. The ads did not. Plaintiff never specified when the ads stopped circulating. Moreover, plaintiff's AOL account was subsequently hacked. Plaintiff blamed Facebook (*id.* at ¶¶ 9–17; p. 4 ¶¶ 1–3).

None of these facts fix any of the aforementioned deficiencies. *First*, turning to plaintiff's attempted breach of the implied covenant claims, plaintiff still has not alleged any relevant obligation violated by Facebook. Plaintiff provided no support for its allegation that Facebook committed to posting plaintiff's ads until May or July 2019.

Furthermore, the bulk of plaintiff's bad faith theories rest on the purported conduct by Mr. Sarkar. Yet, plaintiff never adequately connects the dots between Mr. Sarkar and Facebook. The only connection alleged is that he is a "Manager at Facebook" as represented on his Facebook profile. This is not enough. The attempted breach of the implied covenant claims remain implausible.

*Second*, turning to the attempted claim for extortion, plaintiff still has not put forward any evidence that Mr. Hendrick induced plaintiff to buy the Walmart gift card through force or fear. Furthermore, even assuming Mr. Hendrick was a Facebook employee, there is no evidence he acted within the scope of his employment. This attempted claim also remains implausible.

\*          \*          \*

Based on the foregoing, plaintiff's motion for leave to amend is **DENIED**. Nevertheless, amendment would not be futile. Accordingly, plaintiff must move for leave to amend by

3

**AUGUST 1** at **NOON**. Any motion should explain how the proposed complaint overcomes the deficiencies raised. If plaintiff so moves, she should be sure to plead her best case.

The hearing set for July 11 is hereby **VACATED**. The initial case management conference is **CONTINUED** to **AUGUST 22, 2019** at **11:00 A.M.** Plaintiff's motion "for change of venue" is **DENIED**. Plaintiff chose to file this lawsuit in San Francisco. This action will remain in San Francisco.

Plaintiff, who is proceeding *pro se*, is advised that helpful information is available online at http://cand.uscourts.gov/proselitigants and also at the legal help center. The legal help center may be reached by calling 415-782-9000, extension 8657.

**IT IS SO ORDERED.**

Dated: July 5, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE