IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA O'HARA-HARMON, | No. C 19-cv-00601 WHA |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| FACEBOOK, INC., | |
| Defendant. | |

In February 2019, *pro se* plaintiff Sandra O'Hara-Harmon initiated this action against defendant Facebook, Inc. attempting to allege various claims for breach of the implied covenant of good faith and fair dealing and a single claim for extortion (Dk. No. 1). In May 2019, an order dismissed plaintiff's complaint for failure to state a claim (Dkt. No. 29). In July 2019, an order denied plaintiff's attempt to amend (Dkt. No. 39). In August 2019, plaintiff responded to the order issued in July 2019 without adding any new facts (Dkt. No. 41). Because it is now clear that amendment would be futile, this order hereby **DISMISSES** the case without leave to amend. Judgment will be entered separately.

To recount, the original complaint averred that in January 2019 plaintiff paid Facebook to advertise one of her posts. When the advertisement did not immediately circulate, plaintiff re-posted her advertisement seven times in four days. Facebook "locked" plaintiff's account. Facebook sent plaintiff an e-mail that it appeared her account had been compromised. Plaintiff unsuccessfully attempted to re-open her account (Dkt. No. 1 ¶¶ 1–14).

1    Plaintiff complained via Facebook's "help-support page."  A man living in India named
2  Babulal Sarkar, contacted plaintiff and claimed to have experienced the same problem.  His
3  Facebook page represented he was a "Manager at Facebook."  From this fact alone, plaintiff
4  concluded that Mr. Sarkar "intentionally locked and banned" plaintiff from accessing her
5  account.  Plaintiff then called a person named Gulberg Hendrick, whom plaintiff believed to be
6  associated with Facebook's technical support headquarters.  The man she spoke with offered to
7  "unblock" plaintiff's account in exchange for a $100 Google Play card purchased at Walmart (*id*.
8  ¶¶ 16–19, 26–27).  The complaint was dismissed with leave to amend (Dkt. No. 29).

9    On amendment, plaintiff added the following facts.  On December 11, 2018, Facebook
10 "censored" two approved ads while continuing to bill plaintiff for those ads.  Mr. Sarkar
11 purportedly censored the ads because the ads shed a negative light on the medical treatment of
12 plaintiff's now deceased child.  Plaintiff's child was transgender.  Both Mr. Sarkar and plaintiff's
13 child's former attending physician are from India.  Plaintiff had commented to Mr. Sarkar that
14 "[i]t's rumored that in India, transgender individuals are treated harshly, so I assume this doctor
15 from India believed my daughter's life was not worth saving, which is why he did nothing to aid
16 in preserving it. . . ." (Dkt. No. 33 ¶ 8).  Plaintiff accordingly theorized that Mr. Sarkar took
17 offense to the ads and censored them (Dkt. No. 33 ¶¶ 2–3, 8; p. 6 ¶¶ 7–9).

18   Plaintiff spent $200 on her ads and then permitted Facebook to charge another $400.
19 Plaintiff conclusorily insisted that some of the ads were supposed to run until May 22, 2019, and
20 other ads until July 3, 2019.  Plaintiff never specified when the ads stopped circulating.
21 Moreover, plaintiff's AOL account was subsequently hacked.  Plaintiff blamed Facebook (*id*. at
22 ¶¶ 9–17; p. 4 ¶¶ 1–3).

23   On these facts, plaintiff attempted to allege three claims for breach of the covenant of
24 good faith and fair dealing and one claim for extortion.  More specifically, the original complaint
25 attempted to allege claims for:  (i) "locking plaintiff out of her Facebook account in bad faith;"
26 (ii) "preventing access to the Facebook community page in bad faith;" (iii) "censoring the
27 advertisement in bad faith;" and that (iv) Facebook's employee Gulberg Hendrick engaged in
28

2

1  extortion (Dkt. No. 1 ¶¶ 1–4).  Two prior orders concluded each of these claims failed (Dkt. Nos.
2  29, 39).

3        Specifically, a claim for breach of the covenant of good faith and fair dealing required
4  Facebook to have made an obligation and not deliver on it.  *Careau & Co. v. Security Pacific*
5  *Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).  "Just what conduct will meet this
6  criteria must be determined on a case by case basis and will depend on the contractual purposes
7  and reasonably justified expectations of the parties."  *Ibid*.  The allegations in the amended
8  complaint, however, were inadequate.  From the facts provided, it remained impossible to tell
9  whether Facebook's conduct frustrated a contractual purpose or plaintiff's reasonably justified
10 expectation.  The amended complaint indicated that Facebook had purportedly promised to run
11 ads until May 2019 or July 2019 but did not do so.  Yet, plaintiff never provided any reason why
12 she believed the ad was supposed to run for that period of time or why the ads running for less
13 time frustrated her *reasonably* justified expectation when she paid her money.

14       Furthermore, plaintiff's bad faith theories rested on the purported conduct by Mr. Sarkar.
15 Yet, plaintiff never adequately connected the dots between Mr. Sarkar and Facebook.  The only
16 connection alleged was that Mr. Sarkar was a "Manager at Facebook" as represented on his
17 Facebook profile.  This was not enough.  Further support for the bad faith allegation was needed.

18       Turning to the attempted claim for extortion, plaintiff had not put forward any factual
19 allegation that Mr. Hendrick induced plaintiff to buy the Walmart gift card through force or fear.
20 *See* Cal. Penal Code § 518.  Furthermore, even assuming Mr. Hendrick was a Facebook
21 employee, no allegation had been put forward that Mr. Hendrick acted within the scope of his
22 employment.  *See Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986).

23       \*      \*      \*

24 Plaintiff's most recent filing in August 2019 adds no new facts (Dkt. No. 41).  Plaintiff
25 instead notes that "[t]here is no need for me the [p]laintiff to keep explaining and rephrasing the
26 facts to this court . . . ."  (*id*. ¶ 9).  As such, the prior deficiencies remain.  Through her refusal to
27 clarify or add new facts, plaintiff has accordingly made clear that further leave to amend would
28 be futile.  As such, plaintiff's complaint is hereby **DISMISSED** without leave to amend.  The

3

initial case management conference set for August 22 is hereby **VACATED**. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: August 20, 2019.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE